# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 35 WEST WACKER DRIVE | MOSCOW |
| CHARLOTTE | CHICAGO, ILLINOIS 60601 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (312) 558-5600 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (312) 558-5700 | SHANGHAI |
| LONDON | | WASHINGTON, D.C. |
| LOS ANGELES | www.winston.com | |

**THOMAS P. LANE**
(212) 294-6869
TLane@winston.com

2/24/2014 February 18, 2014



ORIGINAL

**BY HAND DELIVERY**

The Honorable Denise Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

The Honorable Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007



MEMO ENDORSED

RECEIVED FEB 19 2014 CHAMBERS OF DENISE COTE

Re:   *Seven Seas Partnership Ltd. v. Sycamore Pictures, LLC*, Case No. 1:13-cv-05054-DLC-AJP: Settlement
**Contains Confidential Information – <u>Not to be Publicly Filed</u>**

Dear Judges Cote and Peck:

We write on behalf of Seven Seas Partnership Ltd. ("Seven Seas") and Sycamore Pictures, LLC ("Sycamore") regarding the status of the parties' settlement efforts in the above-captioned action. We are happy to report that a settlement agreement has been executed reflecting the parameters discussed by the parties and Judge Peck during our settlement conference on November 13, 2013 and further negotiated over the last two months.

Judge Denise Cote
Judge Andrew Peck
February 18, 2014
Page 2



    The parties have negotiated a joint stipulation as part of their agreement to voluntarily dismiss the above-captioned Action for the pendency of the Settlement Payment Period to allow Sycamore the opportunity to raise funds without a lawsuit pending. The joint stipulation, which the parties have negotiated and is enclosed with this letter, contemplates that the Court will retain jurisdiction during this period. At the end of the nine months, or such longer period as agreed in writing by the parties, if Sycamore has satisfied its payment obligation to Seven Seas, the parties will file a negotiated joint dismissal of the Action with prejudice. If Sycamore has failed to raise the required funds, the parties may reinstate the Action.

    We understand that it is not the Court's typical practice to retain jurisdiction to enforce confidential settlement agreements. However, this somewhat unusual settlement structure was discussed by the parties during our settlement conference facilitated by Judge Peck, and the Court's maintenance of jurisdiction over the Action after the dismissal without prejudice was a crucial point for settlement. Pursuant to the Court's February 6, 2014 Order, the Court on its own motion dismissed the case without prejudice providing the parties 30 days to reinstate the case. We therefore respectfully request that the Court reinstate the case and vacate its February 6th Order to permit the parties to file the negotiated joint stipulation of voluntary dismissal without prejudice enclosed with this letter.

    We would be happy to discuss further with the Court if a conference call with the parties would be helpful.

                              Respectfully,

                              Thomas P. Lane

Encl.

cc:    Maura Wogan, Esq. (via e-mail)
       Caren Decter, Esq. (via e-mail)
       Dan Webb, Esq.
       Tim Rivelli, Esq.

*[Handwritten note:]* The Court will retain jurisdiction if the parties agree that the settlement agreement may be endorsed by the Court and filed on the public record. Otherwise the case will simply be dismissed. Counsel shall advise the Court by 2/26/14 of their preference. Denise Cote 2/24/14